Brewster v. Van Liew.

---

EDWARD L. BREWSTER ET AL.

V.

D. P. VAN LIEW.

CONTRACT—STOCK BROKERS—INSTRUCTIONS.—Where one party to a contract refuses to proceed with and complete it, the other party, being without fault, may sue for and recover back any money paid upon the contract. The instructions given in this case upon the two theories as to the sale of stock wer_ correct.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed June 23, 1886.

This was an action brought by appellee, to recover from appellants money paid to them on a certain transaction in Denver and Rio Grande stock. Appellee claimed that the arrangement was that appellants, who were stock brokers, agreed to purchase for him on January 10, 1884, one hundred shares of the stock at twenty-four; that on his return to his home in Aurora, he would send them one thousand dollars on the purchase, and the balance of the price, that is, fourteen hundred dollars, they would carry for him, at the rate of six per cent., until he should pay for the stock or order it sold. He sent the thousand dollars to them, and afterward, at their request, paid them five hundred more on the stock, and at another time of his own volition, but as they claim, on their request, he paid them four hundred dollars more, making in all nineteen hundred dollars paid by him. On June 23, 1884, without knowledge or consent on his part, they sold the stock for six and three eighths, and appellee shortly after demanded that they deliver the stock to him or refund to him the money paid. They refused and he brought this action.

Appellants claimed that they acted as brokers for appellee in the purchase of the stock, without any special agreement to carry it for him; that they purchased the stock for him, as directed, and gave him a notice of the purchase as follows: "We have this day bought for your account and risk, 100 shares of Denver at twenty-four. This account received by telegraph; names of parties from whom above purchase was made will be given if desired as soon as received by mail;" that they required a margin of ten per cent. on the par value of the stock, and that appellee sent them such margin amounting to one thousand dollars, on his return to his home; that on Jan. 19th, they called for additional margin of five hundred dollars, the stock having gone down, which appellee paid; that on May 6th, there being a still further decline, they asked for and received the further sum of four hundred dollars; that

the market still going down, appellants wrote appellee for five hundred dollars additional, and receiving no reply, telegraphed him on the twenty-third, and still not hearing telegraphed again as follows : " We have put a stop-order on your hundred Denver at six and one half. It will be sold on the market when it reaches there unless you remit us before it is sold." No response was received and the stock was sold, and after charging appellee with price paid for stock, commission and interest, which it is customary to charge on advances, and crediting his payments, the balance in his favor was $88.91, which balance they were ready to pay.

The jury found a verdict for plaintiff for the whole amount paid by him and interest, on which the court rendered judgment, and the record is brought here by appeal.

Mr. FREDERIC ULLMANN, for appellants.

Messrs. HOPKINS, ALDRICH & THATCHER and Mr. A. J. HOPKINS, for appellee.

MORAN, J.    There was a conflict of evidence as to what was the contract between the parties to this action. It can not be said that the evidence so preponderates in favor of the contention of the plaintiff or of the defendant that a verdict in favor of either would be set aside if the jury was correctly instructed as to the law. At the plaintiff's request, the court gave the jury the following instruction :

" If the jury believe from the evidence that the defendants made a contract or agreement with the plaintiff, by which they were to purchase for him 100 shares of Denver and Rio Grande railroad common stock, for the sum of $2,400, on the condition that he should on the day following said purchase, pay to them the sum of one thousand dollars, and that they would carry the balance of said $2,400 for the plaintiff on his paying them six per cent. annual interest on such unpaid balance, and would hold said stock for his (plaintiff's) convenience; and that in pursuance of said agreement, defendants did, in fact, purchase 100 shares of said stock for

said sum of $2,400, and the plaintiff did, in fact, on the day following said purchase, pay the defendants the sum of one thousand dollars, and did subsequently thereto pay, by two different payments, the sum of $900 more, making in all $1,900 on said $2,400; and that at the time of the last payment said defendants agreed with plaintiff to hold said stock for him, on the condition above stated, on his paying six per cent. interest on all unpaid balances annually to suit plaintiff's convenience, even if said stock went to zero; and that, without any notice to, or authority, knowledge or consent of plaintiff, defendants sold said plaintiff's stock; and on his tendering to them the balance of said $2,400, together with interest on such balances, if the proof shows such tender was made, at the rate of six per cent. per annum, declined and refused to deliver to him said stock; and if you further believe from the evidence, that plaintiff did tender such balance, with interest, on said stock as aforesaid, and defendants declined to receive said tender, and declined to deliver to plaintiff said stock, and that thereupon the plaintiff demanded from defendants the money he had advanced them, and that defendants failed and refused to pay it, then, on that state of facts, plaintiff is entitled to recover all moneys advanced by him on said purchase of defendants, together with legal interest thereon, and you should so find by your verdict."

This instruction, in our view, correctly states the law and the rule of damages on plaintiff's theory of the case. If the jury should find the facts as in the instruction supposed, then the rule announced in Larrabee v. Badger, 45 Ill. 440, controls the case. That case announces no new doctrine. It has always been held, that where one party to a contract refuses to proceed with and complete it, the other party, being without fault, may sue for and recover back any money paid upon the contract.

On the defendants' theory, the court instructed the jury as follows:

"If the jury believe from the evidence that the plaintiff employed the defendants as his brokers, to purchase for him one hundred shares of the capital stock of the Denver and

Rio Grande railroad stock, on the New York Stock Exchange, at its current market price, and paid them $1,000 for the purpose of securing them against loss thereon by the fluctuations in the market value thereof, and was to pay from time to time margins thereon, so as to save said defendants harmless and from loss, as might be required by defendants; and that, by reason of the fluctuations in the market, the margins became and were insufficient to secure said defendants, and they gave plaintiff notice thereof, and required additional margins by letter addressed to him at his place of residence, and mailed in time in the usual course of business, and plaintiff failed to respond and pay such additional margins, and defendants, to save themselves harmless, had to sell, and did in fact sell, said stock at and for the market price at the time, then the plaintiff has a right to recover in this case only such sums as may have remained to plaintiff's credit after deducting from the proceeds of sale what was due to defendants to repay them for the disbursements, or to save themselves harmless in the transaction."

This instruction was a correct statement of the law as applicable to the facts as appellants claimed them to be, and we do not understand appellants' counsel as questioning its correctness on the facts assumed in it. Complaint is made that it was given in lieu of instructions asked by appellants, which were refused. We think the instructions were correctly refused. If no special contract was proved by appellee, or if the effect of the contract was as appellants contended, the refused instructions would state a correct rule of damages, but the jury found the special contract set up by appellee, and as we have before seen, the rule of damages, on that theory, was correctly given to the jury. The court had full power to permit the entry of remittitur of excess of interest from verdict before judgment.

No error of law appearing in the record, the verdict, under the evidence, settles the rights of the parties, and the judgment was correct and must be affirmed.

Judgment affirmed.